UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY D. MOORE, 587180,

       Petitioner,　　　　　　　　　　　　　Case No. 11-10798

       　　　　　　　　　　　　　　　　　　Paul D. Borman
v.　　　　　　　　　　　　　　　　　　　United States District Judge

       　　　　　　　　　　　　　　　　　　Paul J. Komives
PAUL KLEE,　　　　　　　　　　　　　　United States Magistrate Judge

       Respondent.
_____/

OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE PAUL J. KOMIVES'S
JULY 2, 2013 REPORT AND RECOMMENDATION (ECF NO. 13),
(2) DENYING PETITIONER'S APPLICATION
FOR A WRIT OF HABEAS CORPUS (ECF NO. 4), AND
(3) DENYING PETITIONER A CERTIFICATE OF APPEALABILITY

On March 31, 2011, Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 4.) Petitioner challenges his conviction for first degree murder, possession of a firearm by a felon and possession of a firearm during the commission of a felony following a jury trial in Wayne County Circuit Court. (*Id.*) Petitioner was sentenced to mandatory life imprisonment without parole. (*Id.*) Petitioner cites one ground for relief in his habeas petition -- the ineffective assistance of his counsel for failing to suggest to the jury that the prosecution's key witness actually committed the murder. Respondent filed a response to the petition, arguing that Petitioner failed to establish that the Michigan Court of Appeals's rejection of his ineffective assistance of counsel was objectively unreasonable. (ECF No. 10, Answer in Opposition to Petition for Writ of Habeas Corpus.)

On January 31, 2012, this Court referred the matter to Magistrate Judge Paul Komives. (ECF

No. 12.) On July 2, 2013, Magistrate Judge Komives issued his Report and Recommendation in which he recommends that the Court deny the petition and deny Petitioner a Certificate of Appealability. (ECF No. 13.) On July 19, 2013, Petitioner filed objections to the Report and Recommendation, which are now before the Court. (ECF No. 14.)

## STANDARD OF REVIEW

The Court reviews *de novo* those portions of the Report and Recommendation to which a specific objection has been filed. *See* 28 U.S.C. § 636(b)(1). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). The Court "is not required to articulate all of the reasons it rejects a party's objections." *United States v. Tyson*, 265 F. Supp. 2d 788, 789 (E.D. Mich. 2003) (quoting *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001)). "[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). The Court is not obligated to conduct *de novo* review of those portions of the magistrate judge's report and recommendation to which specific objections have not been filed. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## ANALYSIS

The background facts relating to Petitioner's trial and appeals are adequately set forth in the Magistrate Judge's Report and Recommendation and the Court adopts them here. (ECF No. 13, Report and Recommendation 1-3.) In sum, Petitioner claims that his trial counsel was ineffective for failing to pursue a theory that the principal witness against him at trial, Antwone Jasper, who was testifying pursuant to a plea deal with the government, may have committed the murder himself. This Court agrees with Magistrate Judge Komives that the conclusion reached by the Michigan Court of Appeals, i.e. that trial counsel made a reasonable tactical decision to focus on Jasper's credibility and not to attempt to suggest to the jury a purely speculative defense that found no support in the record, was not objectively unreasonable under the "doubly deferential" standard of review this Court is obliged to apply to the state court's rejection of Petitioner's ineffective assistance of counsel claim. *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011); *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003).

The Michigan Court of Appeals expressly addressed and rejected this argument, concluding that: "[T]he decision to focus on Jasper's lack of credibility rather than argue that Jasper killed Clark himself was not unreasonable because that theory is purely speculative, whereas counsel had solid evidence to support his argument that Jasper was lying. Counsel is not ineffective for failing to raise a baseless defense." *People v. Moore*, Mich. Ct. App. No. 291249 (July 15, 2010), slip op. at 2. As the Magistrate Judge observed in his Report and Recommendation, no evidence was elicited at trial, nor any offered thereafter, in support of the theory that Jasper committed the murder with which Petitioner had been charged . The Magistrate Judge correctly concluded that the state court's rejection of Petitioner's ineffective assistance of counsel claim was not objectively unreasonable.

This Court therefore adopts Magistrate Judge Komives's recommendation to deny Petitioner's application for a writ of habeas corpus.

The Court further agrees with Magistrate Judge Komives that reasonable jurists would not find it debatable whether Petitioner's claim should have been resolved differently. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000). The Court therefore adopts Magistrate Judge Komives's recommendation to deny Petitioner a certificate of appealability.

## CONCLUSION

The Court, having conducted *de novo* review of those portions of the Report and Recommendation to which Petitioner has filed Objections, for the foregoing reasons and for the reasons stated by the Magistrate Judge in his Report and Recommendation:

(1) OVERRULES Petitioner's Objections;

(2) ADOPTS the Report and Recommendation;

(3) DENIES the Petitioner's Application for A Writ of Habeas Corpus; and

(4) DENIES Petitioner a certificate of appealability.

IT IS SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: September 3, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 3, 2013.

                                                      s/Deborah Tofil
                                                     Case Manager